# Jacob G. Hook and George Hook *v.* Eliza L. McCune, Appellant.

*Decedents' estates—Lien of debts—Sale of real estate—Institution of suit.*

Under the Act of February 24, 1834, P. L. 77, section 24, the orphans' court has jurisdiction to decree the sale of decedent's real estate for payment of a debt, more than five years after the decedent's death, where a bill in equity to enforce the debt had been instituted within the five years, although the decree therein was not entered until after the expiration of the five years.

Argued Nov. 5, 1897. Appeal, No. 172, Oct. T., 1897, by defendant, from judgment of C. P. No. 2, Allegheny County, October Term, 1891, No. 451, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

The case stated was as follows:

On May 15, 1897, Jacob G. Hook and George Hook, the plaintiffs in this case, sold and agreed to convey by written

agreement to the defendant, Eliza L. McCune, for the price or sum of $1,075, all that certain lot or piece of ground situate in the borough of Bellevue, county of Allegheny and state of Pennsylvania, being lot No. 8 in Kendall Park plan of lots, plaintiffs agreeing to furnish a good and marketable title to the premises free and clear of all liens and incumbrances; purchase money to be paid June 15, 1897, upon delivery of a general warranty deed. A general warranty deed for the premises was thereafter duly tendered to the defendant by the plaintiffs and payment therefor demanded, which was refused, defendant alleging that the title to the real estate was bad and not marketable, because the premises of which lot No. 8 in the Kendall Park plan was a part, had formerly consisted of a tract of land containing eight acres thirty-three perches. It was the property of one Edward F. Lightner, who had died seized of the same, and it was sold by virtue of an order of the orphans' court of Allegheny county, for the payment of his debts, more than five years after his decease, the following being a statement of all the facts relating to the matter in detail:

Edward F. Lightner died seized of the premises, intestate, April 26, 1875, leaving to survive him children, as his heirs at law, and J. H. Lightner was appointed administrator of his estate. On September 1, 1876, George W. Smith filed a bill in equity against J. H. Lightner, administrator of the estate of Edward F. Lightner, deceased, asking for an accounting of the funds of the partnership which had existed between said Smith and Lightner, under the firm name of E. F. Lightner & Company. The said bill in equity was proceeded in until September 1, 1880, when a decree was entered in favor of Smith and against Lightner, administrator, etc., for the sum of $13,610.10. On November 27, 1880, J. H. Lightner, administrator of the estate of Edward F. Lightner, deceased, presented his petition to the orphans' court, setting forth that the personal estate of decedent was insufficient for the payment of his debts, and asking permission to sell the said premises for the payment of the same, and setting forth the debts of the decedent, including the debt of $13,610.10 for which the decree was entered. Whereupon the court on the same day made an order for the sale of the premises at public sale for the payment of debts, and they were sold on December 28, 1880, to said George W. Smith, for the

sum of $8,700, which sale was duly ratified and confirmed by the court, and a deed made by the administrator for the same, which deed is dated January 8, 1881, and recorded in the recorder's office, in and for said county; thereupon Smith went into the possession of the said premises. He devised the same by will, dated October 13, 1884, to Hanson Jones, to whom the premises were afterward, by deed dated January 17, 1885, conveyed by the executors of said Smith. Jones, by deed dated June 1, 1891, conveyed the said premises to William Jenkinson, who laid the same out into a plan of lots called Kendall Park, and who, with his wife, by deed dated May 4, 1893, conveyed lot No. 8 in said plan to Jacob G. Hook and George Hook, the plaintiffs in this case, and said plaintiffs are now in possession of said lot and the parties hereinbefore named as having owned the said premises were in possession of the same during the time in which they held title, and their several deeds are duly recorded.

If the court should be of opinion upon the facts above stated that the sale of said tract of land by order of the orphans' court at No. 259, September term, 1880, to George W. Smith, made a good and marketable title to the same in him, then judgment to be entered for the plaintiff in the sum of $1,075. If the court should be of opinion that the law is with the defendant, then judgment to be entered for the defendant. Both parties reserve the right to sue out a writ of error or take an appeal.

WHITE, P. J., filed the following opinion:

Edward F. Lightner died in April, 1875, and J. H. Lightner was appointed administrator in September, 1876. G. W. Smith filed a bill in equity against the administrator, for an account of the partnership between him and the said E. F. Lightner, which was duly proceeded in until September 1, 1880, when a decree was entered against the estate of E. F. Lightner for $13,610.10. On November 27, 1880, the administrator applied to the orphans' court for power to sell certain real estate of E. F. Lightner, for the payment of the said decree and other debts, which was granted in pursuance of which a sale was made and duly confirmed by the orphans' court.

The lots in controversy in this suit were parts of the real estate of E. F. Lightner thus sold.

The question now raised is as to the validity of that orphans' court sale, because it took place more than five years after the death of E. F. Lightner.

Under the facts stated there can be no doubt on the subject.

Under the act of assembly of 1834, sec. 24, the debts of a decedent cease to be a lien upon his real estate after five years, " unless an action for the recovery thereof be commenced and duly prosecuted against his heirs, executors or administrators, within the period of five years after his decease."

An " action " is a demand or legal proceeding in a court of justice to secure one's rights. It embraces a proceeding in equity as well as at common law.

This action was begun less than two years after the death, and judgment by decree obtained within four years thereafter. It was only a few months over five years after the death of the decedent.

It has never been held that the action must be prosecuted to judgment within the five years after death. It is sufficient if the action is brought within the five years and duly prosecuted, although the judgment may not be obtained within the five years: Phillips et al. v. Railroad Co., 107 Pa. 472.

And now, September 4, 1897, this cause came on to be heard on the case stated, and after arguments by counsel, and due consideration, judgment is ordered to be entered on the case stated, in favor of the plaintiffs against the defendant, for $1,075 with costs.

*Error assigned* was in entering judgment for plaintiff on case stated.

*George H. Quaill*, for appellant.—In the present case, when the application to the orphans' court was made by the administrator to sell decedent's real estate, more than five years had elapsed since his decease, and no notice was given to his heirs of such application, and they were not warned by scire facias or otherwise that the land which had descended to them was to be sold for their ancestor's debt. Should they now bring ejectment for this land there would be great difficulty in defending the title under the facts set forth in the case stated. Under the agreement sued on, defendant was entitled to a good market-

able title, but because of the doubts cast upon the present one, it fails to come up to the requirements.

*Chas. W. Dahlinger*, for appellees.—That proceedings in equity are contemplated under the term "actions," as used in the Act of February 24, 1834, P. L. 77, sec. 24, admits of no doubt: McBride's App., 72 Pa. 480 ; Coatsworth v. Barr, 11 Mich. 199 ; Corson v. Ball, 47 Barbour, 452.

That under the act of February 24, 1834, section 24, the orphans' court had jurisdiction to decree the sale, under the facts of our case, has been decided in Phillips v. R. R., 107 Pa. 472, and Corrigan's Est., 82 Pa. 495.

PER CURIAM, January 3, 1898 :

The question presented by the facts set forth in the ."case stated" is whether the orphans' court sale, made more than five years after the death of the intestate, for the payment of his debts, vested in the purchaser at said sale a good and marketable title to the land in question. The learned president of the common pleas held that it did, and judgment was accordingly entered in favor of the plaintiffs. For reasons given by him, this was so clearly right that further discussion of the question is unnecessary.

The judgment is therefore affirmed on his opinion.